UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. ALCALA, <br><br> Defendant. | Case No.: 1:18-cv-00996-SAB (PC) <br><br> SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT <br><br> [ECF No. 1] |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed July 25, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On April 9, 2015, Plaintiff filed an inmate appeal alleging staff misconduct against M. Alcala for her actions during an appeal interview. Following exhaustion of the administrative remedies, on October 14, 2016, Plaintiff filed a civil complaint naming M. Alcala as the Defendant. Prior to settlement of the case, Plaintiff filed another inmate appeal against mailroom staff for their continuous violation on July 25, 2017. In that appeal, Plaintiff specifically requested to be interviewed by persons other than M. Alcala because she was biased. On August 10, 2017, M. Alcala summoned Plaintiff to the program office for an interview concerning Plaintiff's appeal. The interview was conducted in the presence of facility sergeant Flores and ended without incident.

On August 23, 2017, while Plaintiff was on the facility recreational yard, he was called to the program office. When he arrived at the office, Plaintiff was served a serious rules violation report written by M. Alcala. After briefly reading the rules violation report, Plaintiff asked the issuing

2

officer, "you're joking, right?" The officer stated, "somebody is out to get you because you should be in the hold for threat to staff."

### III.
### DISCUSSION

#### A. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," <u>Brodheim</u>, 584 F.3d at 1269, that is "more than minimal," <u>Robinson</u>, 408 F.3d at 568 n.11.

Plaintiff has pleaded that after he filed his July 25, 2017 grievance, Alcala investigated the staff complaint, and then on August 23, 2017, authored a false 115 RVR report in retaliation for the appeal. The RVR was false and was based on fabricated evidence. Liberally construed, this is sufficient to state a claim for retaliation against M. Alcala. However, the Court notes that Plaintiff appears to plead that this RVR resulted in the loss of good-time credits, and therefore the claim may be barred.

A prisoner cannot advance a claim if its success would necessarily imply the invalidity of a lawful conviction or sentence. <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). In <u>Heck</u>, the Supreme Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997), the Supreme Court extended this ruling to bar claims under § 1983 for damages and declaratory relief brought by a state prisoner challenging the validity of

the procedures used to deprive him of good-time credits. Therefore, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

Here, as stated above, Plaintiff alleges that he was found guilty of a rules violation, which may have led to the loss of good-time credits impacting the length of his sentence. If success on Plaintiff's claim will necessarily result in speedier release because it will undermine the RVR, then his claim cannot proceed in a section 1983 action. Plaintiff will be granted leave to amend the complaint to clarify.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court

will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**July 30, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE