UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. ALCALA, <br><br> Defendant. | Case No.: 1:18-cv-00996-AWI-SAB (PC) <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT <br><br> [ECF No. 20] |

Plaintiff James Cato, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for leave to supplement the complaint, filed January 24, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant M. Alcala for retaliation in violation of the First Amendment.

On November 13, 2018, Defendant filed an answer to the complaint. On November 14, 2018, the Court referred the case to post-screening alternative dispute resolution, stayed the case for 120 days, and set a settlement conference for February 14, 2019, before United States Magistrate Judge Barbara A. McAuliffe. (ECF No. 17.)

As previously stated, on January 24, 2019, Plaintiff filed a motion for leave to supplement the complaint. (ECF No. 20.) Defendant filed an opposition on February 7, 2019, and Plaintiff did not file a reply and the time to do has passed. Local Rule 230(l).

**II.**

**DISCUSSION**

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or even that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of So. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). When new parties are added to the pleading, those individuals must be connected to the original claims. See Griffin v. Cty. Sch. Bd. of Prince Edwards Cty., 377 U.S. 218, 226-27 (1964).

Generally, district courts use the same standard in deciding whether to grant or deny a motion for leave to supplement or whether to grant or deny a motion for leave to amend a complaint or answer. See MJC Amer., Ltd v. Gree Elec. Appliances, Inc. of Zhuhai, CV 13-04264 SJO (CW), 2014 WL 12614435, at *3 (C.D. Cal. Sept. 3, 2014) (citing Womack v. Geo Grp., Inc., CV-12-1524-PHX-SRB (LOA), 2013 WL 491979, at *5 (D. Ariz. Feb. 8, 20130)). "Thus, leave to file a supplemental complaint should be freely granted unless there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the supplement would be futile." Womack, 2013 WL 491979, at *5 (citations omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint. Desertrain v. City of L.A., 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)).

///
///
///

2

This action is proceeding on Plaintiff's allegations that in August 2017, Defendant Alcala authored a false and retaliatory rules violation report against him because of his previous appeals and litigation against her. Plaintiff now seeks to supplement the complaint to allege that in 2018, S. Hillman did not allow him to have "girlie pictures" in retaliation for filing the instant action against Defendant Alcala. (ECF No. 20.) Defendant opposes Plaintiff's motion and argues that the proposed supplement seeks to introduce a separate, distinct, and new cause of action against a new Defendant.

Plaintiff's motion must be denied. Plaintiff's proposed claim against Defendant Hillman is a new and distinct claim to this action. Although both the claims involve retaliation in violation of the First Amendment, the conduct alleged in the supplement complaint occurred well after Defendant Alcala alleged issued a false rules violation report. Further, Plaintiff's supplemental complaint does not include new claims or allegations against Defendant Alcala. Rather, Plaintiff presents an entirely new claim against a new Defendant, at a different time, and based on a different retaliatory event with different facts. Thus, the new claim would require different witnesses and evidence, which runs counter to the interests of judicial economy because it would widen the scope of this litigation. This ruling does not foreclose Plaintiff from filing a new and separate cause of action, if so desired.

## III.
## RECOMMENDATION

Based on the foregoing it is HEREBY RECOMMENDED that Plaintiff's motion for leave to supplement the complaint is denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time

///
///
///
///

may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 21, 2019**

_____
UNITED STATES MAGISTRATE JUDGE